IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| PATRICK JOHNSON, | § | |
| (TDCJ #399112) | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-08-0932 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Patrick Johnson, moves under 28 U.S.C. § 2254 to challenge a prison disciplinary conviction and resulting punishment. Johnson is serving concurrent 35-year sentences for burglary of a building and aggravated robbery with a deadly weapon, based on a 1985 conviction. Johnson does not attack the validity of this conviction or sentence. Rather, he challenges a prison disciplinary hearing conducted at the Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 3).

Johnson alleges that he was charged with the disciplinary violation of assault by verbal threat, a Code 4.0 violation. The punishment consisted of placement in solitary confinement for fifteen days. In this suit, Johnson argues that he was denied due process and that his equal protection rights were violated in the disciplinary hearing because the hearing officer failed to establish the elements of the offense. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 5). Johnson claims that he filed grievances after the hearing but

that prison officials failed to return his grievances to him. He claims that because of the punishment he received, he has been denied parole. Johnson claims that the Parole Board extended his sentence by issuing a three-year set-off – determining not to consider his eligibility for release on parole for three years – retroactively applying new parole laws in violation of the prohibition against ex post facto laws.

A district court examines habeas petitions before an answer or other responsive pleading is filed, based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes; *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Based on this review, this court determines that Johnson's petition does not state a valid basis for the relief he seeks.

Johnson claims that his due process rights were violated by his disciplinary hearing and conviction. In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that an inmate who is punished for a disciplinary conviction by placement in solitary confinement does not have a due process claim unless the punishment is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. The Court concluded that the prisoner did not have a "protected liberty interest that would entitle him to the procedural protections" required by due process if "[t]he regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id.* at 487.

Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit based on alleged due process deprivations in a disciplinary proceeding.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time credits does not trigger constitutional due process protections. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995); *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions does not implicate constitutional rights. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

Johnson's punishment consisted solely of solitary confinement for fifteen days. (Docket Entry No. 1, p. 3). This punishment did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. The regime to which he was subjected as a result of the disciplinary hearing was within the range of confinement to be normally expected for an inmate serving a 35 year sentence.

Johnson also claims that his conviction violated the Equal Protection Clause. (Docket Entry No. 1, p. 6). To establish a denial of equal protection, Johnson must prove that the prison officials "created two or more classifications of similarly situated prisoners that were treated differently, . . . and (2) that the classification had no rational relation to any legitimate governmental objective." *Stefanoff v. Hays County,* 154 F.3d 523, 527 (5th Cir. 1998). He must also such a "discriminatory purpose." *Woods v. Edwards,* 51 F.3d 577, 580 (5th Cir. 1995). "Discriminatory purpose . . . implies that the decision maker selected a particular

course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *United States v. Galloway,* 951 F.2d 64, 65 (5th Cir. 1992). "Disparate impact alone cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection grounds by whomever it has negatively impacted." *Johnson v. Rodriguez,* 110 F.3d 299, 306 (5th Cir. 1997). Johnson has not identified any basis for his equal protection claim. He has not alleged that any person similarly situated to himself has been treated differently. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Johnson has not shown that prison officials found him guilty because of any purposeful discrimination or any impermissible motive, such as race. He has stated no valid equal protection claim. *See id.* at 306.

Johnson argues that he is entitled to relief because his punishment led to a delay in eligibility for parole. He is not eligible for mandatory supervision. (Docket Entry No. 1, p. 3). He is not entitled to relief on the basis that his parole eligibility may have been delayed. A state prisoner does not have a federal constitutional right to early release on parole. *See Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 516 U.S. 1059 (1996). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas. *Creel v. Keens,* 928 F.2d 707 (5th Cir. 1991); *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)). Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana,* 65

4

F.3d at 32). Johnson's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

Johnson contends that he is entitled to an annual parole review and that recent Texas laws allowing the parole board to set off a review date for up to three years cannot constitutionally be applied to him. (Docket Entry No. 2, p. 3). In the parole context, a change in the law violates the *ex post facto* clause of the United States Constitution if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." In *Pohl v. Livingston*, 2007 WL 2012904 (5th Cir. 2007), the prisoner who had been given a three-year set off as opposed to an annual parole review argued that the elimination of annual parole reconsideration hearings violated the Ex Post Facto Clause. The prisoner characterized this three-year set-off as a "new 3 year sentence[ ]." In rejecting this claim, the Fifth Circuit explained: "However assuming arguendo that Pohl's parole eligibility is governed by the parole review law in place at the time of his sentence, annual parole review was not mandated. Thus, Pohl has not shown an ex post facto or other constitutional violation."*Pohl v. Livingston*, 2007 WL 2012904 (5th Cir. 2007)(citations omitted).

The parole law in effect in 1984, when Johnson committed the offense for which he was convicted and is now incarcerated, provided, in pertinent part:

> Within one year after a prisoner's admittance to the penal or correctional institution and at such intervals thereafter, as it may determine, the [Parole] Board shall secure and consider all pertinent information regarding each prisoner, except any under sentence of death, including the circumstances of his offense, his previous social history and criminal record, his conduct,

5

> employment and attitude in prison, and his physical and mental health.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(e) (Vernon 1979). Article 42.12, § 15(e) did not mandate an annual review of parole eligibility. *See Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Creel v. Kyle,* 42 F.3d 955, 957 (5th Cir.), *cert. denied,* 514 U.S. 1070 (1995). Instead, this statute required that the parole board grant review to a prisoner within one year of his admittance to a penal institution. *See Creel,* 42 F.3d at 957. After the initial review, the parole board had full discretion to determine the frequency of further reviews. *Id*.

Senate Bill 917, codified at Tex. Gov't Code § 508.141(g), and Tex. Admin. Code § 145.12, does not adversely affect Johnson's eligibility for parole review. This Code provision states:

> The board shall adopt a policy establishing the date on which the board may reconsider for release an inmate who has previously been denied release. The policy must require the board to reconsider for release an inmate serving a sentence for an offense listed in Section 508.149(a) during a month designated by the parole panel that denied release. The designated month must begin after the first anniversary of the date of the denial and end before the fifth anniversary of the date of the denial. The policy must require the board to reconsider for release an inmate other than an inmate serving a sentence for an offense listed in Section 508.149(a) as soon as practicable after the first anniversary of the date of the denial.

TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2007).

Johnson is serving concurrent 35-year sentences for burglary of a building and aggravated robbery, both of which are offenses listed under Tex. Gov't Code § 508.149(a). The policy the parole board adopted under this statute provides, in relevant part:

> A case reviewed by a parole panel for parole consideration may be . . . denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off). The next review date (Month/Year) for an offender serving a sentence listed in § 508.149(a), Government Code, may be set at any date after the first anniversary of the date of denial and end before the fifth anniversary of the date of denial. The next review date for an offender serving a sentence not listed in § 508.149(a), Government Code, shall be as soon as practicable after the first anniversary of the denial.

37 TEX. ADMIN. CODE ANN. § 145.12 (Vernon 2007). Neither Tex. Gov't Code § 508.141(g) nor Tex. Admin. Code § 145.12 violate the *ex post facto* clause. Rather, these new laws "merely change[ ] the rules governing the timing of subsequent parole reviews."

The relevant difference between the prior law and the new law is that the Board must now review a prisoner's parole eligibility at least every five years. This change is favorable to Johnson. Because the current law is consistent with the law in effect when Johnson committed the underlying offense, he has not shown an ex post facto violation. Johnson is not entitled to habeas corpus relief on this ground.

Johnson also alleges that prison officials violated TDCJ regulations by failing to return grievances that he filed about his disciplinary conviction. The failure to comply with prison rules and regulations does not by itself give rise to a constitutional violation. *Meyers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1251-52

(5th Cir. 1989). Johnson's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations governing the return of grievances lacks an arguable basis in law.

### III.    Conclusion

Johnson's challenges to his disciplinary conviction lack merit. Johnson's motion for summary judgment, (Docket Entry No. 4), is denied. This case is DISMISSED. Johnson's motion for hearing, (Docket Entry No. 3), is denied as moot. Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). This court will not issue a COA because Johnson has not made the necessary showing.

SIGNED on July 18, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge